IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EPHRIAM LAFATE SMITH , ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 3:21-CV-0902-G (BH) |
| ) | |
| HONDA FINANCIAL SERVICES DBA ) | |
| AMERICAN HONDA FINANCIAL ) | |
| CORPORATION, AND PAUL C. HONDA,) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** *sua sponte* for lack of subject matter jurisdiction.

**I.   BACKGROUND**

Ephriam Lafate Smith's (Plaintiff) sues in an attempt to settle an account with Honda Financial Services DBA American Honda Financial Corporation (Honda) by submitting a purported tender of payment to it and its Vice President, Paul C. Honda (VP). (docs. 3, 7, 8, 10).

Plaintiff alleges he owed $22,723.57 on a 2018 Honda Accord. (doc. 3 at 17)[2]; (doc. 8 at 17). Around December 14, 2020, he sent a "presentment" to Honda and VP that contained (1) a "private registered setoff instrument[3]," (2) a "statement of account," (3) a "payoff letter," and a (4) "without prejudice notice." (doc. 8 at 2.) According to him, these documents were collectively a tender of payment under the Uniform Commercial Code (UCC) sufficient to satisfy his outstanding

---

[1] By *Special Order No.* 3-251, this *pro se* case has been automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] The purported "setoff instrument" is a check-like document made out to Honda in the amount of the debt that says "EFT[3] only" on the front. (*Id.* at 15.) Below Plaintiff's endorsement, it says, "Not for Deposit," "EFT only," and "For Discharge of Debt." (*Id.*)

debt. (*Id.* at 2-3.) Plaintiff also sent a copy of a "Notice of Preauthorized Use of Credit" in the presentment package that purports to authorize the U.S. Department of the Treasury to use Plaintiff's "exemption" to settle the account. *(Id*. at 19.)

Defendants did not respond to the alleged tender, so a few weeks later, Plaintiff sent a "Notice of Fault" to VP, informing him that because he failed to settle the account as instructed, he was now at fault and "deemed" to have agreed to the "presentment." (*Id.* at 21.) Plaintiff informed VP that further silence would be taken as "acceptance, agreement, general acquiescence to the matter established upon your silence." (*Id.*)

Defendants did not respond to the Notice of Fault, so Plaintiff sent another one, claiming that because of their silence, Defendants were deemed to agree with the "presentment," and that should the matter go into "dishonor," Defendants would be bound by their silence. (*Id.* at 23.) This second Notice of Fault gave Defendants 10 days to discharge Plaintiff's debt or else risk allegations from Plaintiff of theft and fraud. (*Id.*) Defendants did not respond to this second Notice of Fault, which, according to Plaintiff, puts them in default. (*Id.* at 4.) Plaintiff claims that Defendants had an obligation under the UCC to respond to his tender of payment, and that their failure to do so amounts to negligence. (doc. 7 at 7) (doc. 8 at 4.)

Plaintiff initially sought "monetary relief over $50,000.00 and not more than $1,000,000," but he later clarified that he was seeking a setoff, closure, or settlement of his account, as well as "damages in the amount of $50,000.00…" (doc. 10 at 4.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit

lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009). Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject matter jurisdiction.

Here, Plaintiff seeks relief under state tort law and the UCC, which is not a federal statute and does not supply federal question jurisdiction. *See Westley v. Mann*, 896 F.Supp.2d 775, 805 (D. Minn. 2012). His claims therefore arise only under state law, and federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). The Court determines the amount in controversy "from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)). As the party seeking to invoke federal jurisdiction in this case, the plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

Plaintiff fails to make that showing. He alleges that he is a sovereign citizen[4] and a resident of Texas, while Honda and VP are citizens of California. (doc. 7 at 2.)[5] Even assuming that he has adequately alleged that he is a citizen of Texas (since he also purports to be a "non-citizen American National"), he has not adequately alleged Honda's citizenship. He only asserts in conclusory fashion that it is a citizen of California, but he must also allege its principal place of business and state of incorporation. *See Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983) (holding that "a complaint properly asserting diversity jurisdiction must state both the state of incorporation and the principal place of business of each party"); *Johns v. Gonzalez*, No. Civ. A. 05-1780, 2005 WL 2898186, at *1 (W.D. La. Nov. 1, 2005) ("To adequately establish diversity jurisdiction, a complaint must set forth 'with specificity' a corporate party's state of incorporation and its principal place of business.").

Nor does Plaintiff allege that more than $75,000, exclusive of interests and costs, is at issue. He was squarely asked to "state the amount of monetary damages that you are seeking, and explain how you calculated that number." (doc. 9 at 3.) Plaintiff responded:

> I am seeking a monetary value in this lawsuit. I am asking that the account is setoff, settled and closed. I am seeking damages in the amount of $50,000.00 as the Defendants actions were found to be fraudulent. I have also exhausted copious amounts of my resources and time through various tasks such as drafting documents, travel to the obtain [sic] notary signature and travel to the United States Postal Service to mail documents. I have also paid other entities to perform tasks as it relates to this matter.

---

[4] "So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens." *Westfall v. Davis*, No. 7:18-cv-23-O-BP, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), *rec. accepted* 2018 WL 2414794 (N.D. Tex, May 29, 2018). "They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. Sovereign citizens often attempt to use these beliefs to 'avoid paying taxes, extinguish debts, and derail criminal proceedings.'" *Id.* "Sovereign arguments like those found in [Plaintiff's pleadings] are indisputably meritless." *Id.*

[5] Plaintiff's responses to a magistrate judge's questionnaire are considered an amendment to his pleadings. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

4

(doc. 10 at 4.) The amount-in-controversy appears to be, at most, $72,723.57, which is the amount of Plaintiff's account with Honda that he says should be settled and closed, combined with the $50,000 in monetary damages that he allegedly incurred because Honda did not close it. *See*, *e.g.*, *Martinez v. BAP Home Loans Servicing, LP*, 777 F.Supp.2d 1039, 1044 (W.D. Tex. 2010) ("It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit.") (collecting cases).

In short, Plaintiff fails to allege complete diversity of the parties or that the amount in controversy exceeds $75,000 exclusive of interest and costs, and this action should be dismissed for lack of subject matter jurisdiction. *See Wilson v. Hudson*, 404 F. App'x 934, 935 (5th Cir. 2010) (per curiam) ("Wilson's complaint did not meet the first requirement of § 1332(a). His complaint alleged only $50,000 in damages. Therefore, the district court properly dismissed Wilson's complaint for lack of subject matter jurisdiction.").

### III.   LEAVE TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). Here, Plaintiff filed two complaints, responded to a detailed questionnaire designed to allow him to explain his claims, and responded to an even more targeted questionnaire concerning the amount in controversy. He has been given ample chance to plead his best case, but he has not established that subject matter jurisdiction exists. Further leave to amend is neither necessary nor warranted. *See*, *e.g.*, *Duke v. Dallas Cty.*, No. 3:20-CV-117-G (BH), 2021 WL 3525106, at *3 (N.D. Tex. June 25, 2021), *rec. accepted*, 2021 WL 3204565 (N.D. Tex. July 29, 2021).

## IV.   RECOMMENDATION

Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE** *sua sponte* for lack of subject matter jurisdiction.

**SIGNED on this 1st day of September, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE